Edward Christopher **TABAKA,**
**Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE,** State of **Missouri, Respondent–Appellant.**

No. 19146.

Missouri Court of Appeals,
Southern District,
Division Two.

June 2, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent-appellant.

Charles R. Leick, of counsel, Brad B. Baker, Mazzei and Broshot, Steelville, for petitioner-respondent.

PREWITT, Judge.

Respondent was arrested while driving a motor vehicle and thereafter refused to submit to a chemical test to determine the alcohol content of his blood. See § 577.020, RSMo 1986. Thereafter, pursuant to § 577.-041, RSMo Supp.1992, appellant sought to revoke his driver's license for a period of one year.[1]

On March 5, 1993, appellant sent a notice to respondent that his driving privileges were revoked for one year. The notice was sent to the address shown on the Department of Revenue's records and that shown on the arresting officer's report. On April 22, 1993, respondent filed a petition challenging the revocation. Appellant sought to have the petition dismissed because it was untimely. The trial court denied that contention, set aside the revocation and ordered appellant to reinstate respondent's driving privileges.

■ Appellant contends that the trial court erred in granting respondent's petition because it was not timely filed. Respondent counters that he did not receive the notice because he was no longer living at the address shown in appellant's records and the arresting officer's report contained an erroneous address for him. The report showed the arrest occurred at "Rt. ZZ 4 Mi. west of Cuba". Respondent's address on the report is "Rt. ZZ Cuba, MO. 65453". Respondent claims that the arresting officer put down the location of the arrest as respondent's ad-

dress. The record indicates that respondent was arrested at or near where he was "living".

■ Section 302.515.2, RSMo 1986 provides that notice of suspension or revocation "shall be mailed to the person at the last known address shown on the department's records, and to the address provided by the enforcement officer's report if that address differs from the address of record. The notice is deemed received three days after mailing, unless returned by postal authorities." The record does not reflect that the notice was returned.

In a similar situation the Eastern District of this court recently ruled that the arresting officer has no affirmative duty to obtain the driver's current address. *Filla v. Director of Revenue*, 873 S.W.2d 325 (No. 64898, Mo. App. Eastern District 1994). Here, as in *Filla*, the Director followed the statute, mailing the notice to the addresses shown on the Department of Revenue's records and the officer's report. That was held sufficient in *Filla*, and we agree with its reasoning.

Respondent's petition for review was untimely because it was not filed within 30 days as provided in § 302.311, RSMo 1986. *Romans v. Director of Revenue*, 783 S.W.2d 894 (Mo. banc 1990); *Evans v. Director of Revenue*, 871 S.W.2d 90, 91 (Mo.App.1994).

The judgment is reversed and the cause remanded to the trial court with directions that it set aside its judgment previously entered and enter judgment dismissing respondent's petition.

CROW and GARRISON, JJ., concur.

---

1. Section 577.041 has been amended since respondent's arrest. See § 577.041, RSMo Supp. 1993.