Terrence Markeith KELLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–99–213–CR.

Court of Appeals of Texas, Waco.

June 21, 2000.

James R. Jenkins, Waxahachie, for appellant.

Joe F. Grubbs, County and Dist. Atty., Cynthia Hellstern, Asst. County and Dist. Atty., Waxahachie, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

Terrence Kelley was convicted of murder and sentenced to twenty years' imprisonment. TEX. PEN.CODE ANN. § 19.02 (Vernon 1994). He appeals, asserting only that the court erred in admitting certain photographs into evidence during the guilt-innocence phase of trial. Finding no harm, we will affirm the judgment.

### FACTS

Shortly after midnight on June 24, 1996, Ulices Ramirez was shot and killed in front of an Exxon station at the intersection of Interstate 45 and Highway 34 in Ennis, Texas. Kelley gave a voluntary statement in which he admitted committing the offense. According to his statement, Kelley and his girlfriend, Camilla Carter, went to the Exxon station late on June 23 to "buy some snacks." When Kelley got out of the car, Ramirez "said something" to him, but Kelley could not understand him. Carter had already exited the car and reached the door of the store. Ramirez then started walking toward Kelley. Kelley was scared, so he took a pistol out of the glove compartment in the car. Ramirez then grabbed Kelley's wrist and they "tussled for a minute." Kelley shot the gun twice, hitting Ramirez once in the chest. Kelley then ran into the store, said "call the police," and left with Carter. They went to Carter's house and hid the gun. Kelley then left Carter's house and headed to his own home.

While on his way home from Carter's, Kelley was stopped by the police and arrested for the murder. Kelley did not deny the offense. He took the police to the place where he hid the gun and offered to give a voluntary statement about the event. At trial, Kelley argued that his actions were in self-defense.

### PHOTOGRAPHS

■ In the only issue presented for review, Kelley urges that the court erred in

admitting photographs labeled as "State's Exhibit 4." Although the photographs have not been included in the record on appeal, they are adequately described in the reporter's record. They are photographs taken at the hospital after medical personnel attempted to save Ramirez's life. The pictures depict electrodes hooked to Ramirez to monitor his heart activity, an intubation tube in his mouth to facilitate breathing, a gunshot wound to the chest, and the floor surrounding the area which is covered in blood. The pictures were authenticated through Jeff Gray, a fireman and paramedic with the Ennis Fire Department.

Gray testified about Ramirez's condition when he arrived on the scene and the efforts undertaken to save his life. Gray testified that the photographs fairly and accurately depicted the victim "in the emergency room immediately after [they] stopped working on him," and "some of the medical procedures [taken] to help save his life." After taking Gray on voir dire, Kelley objected that: (1) the proper foundation had not been laid to show that the photographs have not been altered, and (2) although somewhat probative, the photographs are "unnecessary, inflammatory and the amount of their inflammatory nature greatly outweighs any probative value that they may have on the jury." That objection was overruled.

On appeal, Kelley asserts that the State failed to prove that the scene had not been altered or that the scenes depicted were accurate. He also asserts that the photographs were unnecessary and inflammatory. Kelley has cited only one case to support any of his assertions on appeal. *See Barnes v. State*, 876 S.W.2d 316, 325–26 (Tex.Crim.App.1994).

■ We review a court's ruling on the admissibility of evidence under an abuse of discretion standard. *Green v. State*, 934 S.W.2d 92, 101–02 (Tex.Crim. App.1996). We will not reverse such a ruling so long as it falls within the "zone of reasonable disagreement." *Id.* at 102

(citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App.1991) (op. on reh'g)). Generally, photographs are admissible when verbal testimony as to the matters they depict is admissible. *Ramirez v. State*, 815 S.W.2d 636, 647 (Tex. Crim.App.1991). The admissibility of photographs is within the discretion of the court, which determines whether they serve the proper purpose in enlightenment of the jury. *Villegas v. State*, 791 S.W.2d 226, 237 (Tex.App.—Corpus Christi 1990, pet. ref'd). Error does not occur unless the court abuses that discretion. *Werner v. State*, 711 S.W.2d 639, 643 (Tex.Crim. App.1986).

■ Photographs are authenticated by the testimony of any witness who has personal knowledge that the particular item accurately represents the scene or event which the photographs purport to portray. TEX.R. EVID. 901. There is no requirement that the witness took the photo, saw it taken, or was present when it was taken. *Hughes v. State*, 878 S.W.2d 142, 155 (Tex. Crim.App.1992) (citing *DeLuna v. State*, 711 S.W.2d 44, 46 (Tex.Crim.App.1986)). Any witness who observed the object or the scene depicted in the photograph may lay the predicate. *Huffman v. State*, 746 S.W.2d 212, 222 (Tex.Crim.App.1988). Therefore, the predicate for the admission of the photographs was proper.

■ Rule of Evidence 403 governs the admissibility of photographic evidence alleged to be unduly prejudicial. *Horton v. State*, 986 S.W.2d 297, 305 (Tex.App.— Waco 1999, no pet.) (citing *Emery v. State*, 881 S.W.2d 702, 710 (Tex.Crim.App.1994)). Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

TEX.R. EVID. 403.

As stated before, Kelley cites only to *Barnes* and only for the purpose of say-

ing the evidence should be excluded because its probative value was substantially outweighed by the danger of unfair prejudice and misleading the jury. *Barnes,* 876 S.W.2d at 325–26. In *Barnes,* the Court of Criminal Appeals held that a claim that the photographs were submitted by the State purely to "inflame the passion of the jury" was unfounded. *Id.* Rather, the Court stated, the Rules limit a review of this type of evidence to a determination of whether the probative value of the photos is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence. *Id.* (referencing the former Rules of Criminal Evidence). The Court went on to affirm the trial court's decision to admit the photographs in question, stating that, "although the photographs are gruesome and detailed, they are not enhanced in any way and portray no more than the injuries inflicted." *Id.* at 326. The Court ultimately held that the trial court did not abuse its discretion in finding the danger of unfair prejudice did not substantially outweigh the probative value of the photographs. *Id.* We will review these photographs to ascertain whether the court abused its discretion using the same test: does the danger of unfair prejudice substantially outweigh the probative value of the evidence?

■ Several factors are weighed in making this determination, including:

the number of exhibits offered, their gruesomeness, their detail, their size, whether they are black and white or color, whether they are close-up, whether the body is naked or clothed[, and] ... the availability of other means of proof and the circumstances unique to each individual case.

*Horton,* 986 S.W.2d at 305 (citing *Long v. State,* 823 S.W.2d 259, 272 (Tex.Crim.App. 1991)); *Sendejo v. State,* 953 S.W.2d 443, 446 (Tex.App.—Waco 1997, pet. ref'd).

The photographs are described as four 8 × 10 inch color photographs. We cannot say how gruesome they may appear. Regardless, in light of the fact that Kelley did not deny shooting Ramirez, we see very little probative value in photographs which depict the victim's condition after life-saving measures had been attempted. The amount of blood surrounding the body at the hospital and the manner in which miscellaneous medical equipment was used to save Ramirez have no tendency to prove or disprove whether Ramirez was shot (which was undisputed) or, more importantly, whether he was shot in self-defense. The only photograph which would have some probative value is the one showing the gunshot wound. This relevancy is minimal, however, in light of the fact that the shooting was undisputed. On the other hand, one can foresee the impact that these photographs would have on a jury and that the jury might be distracted by the sight of Ramirez covered and surrounded by blood and medical equipment. Therefore, we find that the danger of unfair prejudice substantially outweighed the probative value and hold that the court abused its discretion in admitting these photographs into evidence.

■ Because the photographs should not have been admitted into evidence, we now must consider whether Kelley was harmed by their erroneous admission. This is non-constitutional error governed by Rule of Appellate Procedure 44.2(b). *See* Tex.R.App. P. 44.2(b); *Fowler v. State,* 958 S.W.2d 853, 865–66 (Tex.App.—Waco 1997), *aff'd,* 991 S.W.2d 258 (Tex.Crim. App.1999). In considering harm, we review the entire record to determine whether the error had more than a slight influence on the verdict. *Fowler,* 958 S.W.2d at 866. If we find that it did, we must conclude that the error affected the defendant's substantial rights in such a way as to require a new trial. *Id.* Otherwise, we disregard the error. *Id.*

The evidence of Kelley's involvement in the shooting is undisputed, so there is no question that he killed Ramirez. Kelley suggests that it was done in self-defense, but says in his statement that he felt threatened because Ramirez walked toward him and said "something" that Kelley could not understand. The jury was free to disbelieve that Kelley acted out of fear. Even if the jury did believe that Kelley was fearful, it could have properly declined to find that Kelley's actions were in self-defense. We do not believe that the erroneously-admitted photographs would have had more than a slight influence on this decision.

Furthermore, the jury did find that Kelley was acting under the immediate influence of sudden passion and, therefore, sentenced him to only twenty years' imprisonment, when punishment could have been assessed at 99 years and a $10,000 fine. Considering the entire record, we cannot say that the error had more than a slight influence on the verdict. *Fowler*, 958 S.W.2d at 866. Thus, issue one is without merit.

The judgment is affirmed.

*Concurring opinion by Justice GRAY.*

TOM GRAY, Justice, concurring.

On the record before this court, I cannot conclude that the trial court erred by admitting certain photographs. Appellant concedes the relevancy of the photographs by acknowledging they are "somewhat probative." His complaint relates solely to the balancing of the probative value against the danger of unfair prejudice. The substance of the photographs was already in evidence by testimony without objection. Other photographs of the victim's body at the autopsy were also in evidence. While the probative value may have been low, given the other evidence before the jury the danger that the graphic photographs of Ramirez "covered and surrounded by blood and medical equipment" would be unfairly prejudicial is also very low. In reviewing the trial court's balancing test determination, a reviewing court is to reverse the trial court's judgment "rarely and only after a clear abuse of discretion." *Mozon v. State*, 991 S.W.2d 841, 847 (Tex.Crim.App.1999). Thus, I cannot join the conclusion that the trial court abused its discretion in holding that the danger of unfair prejudice did not outweigh the probative value of the photographs and admitting them. Because the Court's opinion concludes the error was harmless, an analysis with which I do agree, I join in the result.