Victoria Walker Blue v. State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-344-CR

     VICTORIA WALKER BLUE,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 85th District Court
Brazos County, Texas
Trial Court # 26,482-85
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      The State indicted Victoria Walker Blue on three counts of aggravated assault and one count
of deadly conduct. It was alleged that she committed a drive-by shooting, firing five times at a
group of people standing outside a house. Blue apparently was angry at her husband who was in
the group. One person’s arm was broken by one of the bullets. Another person was struck twice,
requiring surgery to repair her intestines, gallbladder, and either a kidney or liver. Three
eyewitnesses, including the two victims, all of whom knew Blue, identified her at a jury trial as
the assailant. The court granted a directed verdict on one count. The jury convicted Blue on the
other three counts, and she elected to have the court sentence her. The judge imposed three ten-year sentences to run concurrently.
      Blue raises four issues on appeal.
Issue 1: The Photographs
      Blue complains that two photographs admitted as State’s exhibits did not accurately depict the
crime scene and should not have been admitted. The photographs were taken over a year after the
shooting and were taken during the day whereas the shooting occurred at night. Three other
photographs taken immediately after the shooting and at night were also admitted. Blue does not
complain about these pictures. As Blue states in her brief on page nine: “It seems as though
State’s Exhibits 3 and 5 is extra unreliable evidence, remote in time and description, that is
prejudicial to the Appellant and skew the real picture.”
      The admissibility of photographs is within the discretion of the court and is reviewed for
abuse of discretion. Kelley v. State, 22 S.W.3d 642, 644 (Tex. App.— Waco 2000, no pet.). We
will not reverse on a trial court’s evidentiary ruling unless the ruling falls outside “the zone of
reasonable disagreement.” Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).
      These two photographs were admitted because the other three were taken in the dark and the
crime scene was not as visible in them. They aided the jury in understanding the physical setting
and distances involved at the crime scene. The court did not abuse its discretion in admitting the
two photographs.
      Even if admitting the photographs was error, the error was harmless. We will not reverse for
evidentiary errors that do not affect substantial rights. Tex. R. Evid. 103(a); Tex. R. App. P.
44.2(b). Three other photographs taken at night shortly after the shooting were also admitted into
evidence. The jury was thoroughly informed of the date of the shooting and that it occurred at
night. Therefore, the jury knew the assailant had the view of the house in the three photographs
taken at night, not the view in Exhibits 3 and 5. No harm resulted from admitting the two
photographs.
      The issue is overruled.
Issue 2: The Police Report
      Blue complains that she should have been allowed to review a supplemental police report. 
Officer Neveu testified he made an original report, which was produced at trial to the defense, and
a supplemental report which he could not find.


 He testified he reviewed only the original report
in preparing for trial. Blue’s request for the unlocated supplemental report was refused by the
court.
      After a witness, other than the defendant, has testified, then on request of the other party, any
written statement in the possession of the party who sponsored the witness which was previously
made concerning the subject matter of the witness’s testimony must be produced. Tex. R. Evid.
615(a) (emphasis added). This Rule applies to police reports. Davis v. State, 780 S.W.2d 945,
949 (Tex. App.— Fort Worth 1989, pet. ref’d). Neveu testified the supplemental report was lost
and he did not review it for trial. Therefore, under the express wording of Rule 615(a), the State
did not have to produce it. Amunson v. State, 928 S.W.2d 601, 608 (Tex. App.— San Antonio
1996, pet. ref’d). 
      The issue is overruled.
Issue 3: The Shell Casings
      Blue complains that the five shell casings recovered from the crime scene should not have
been admitted into evidence, because the “chain of custody” was improper. Officer Neveu
testified he recovered five shell casings from the scene and placed them into the police evidence
locker. However, there was no evidence about how the casings got to trial. Neveu identified
them at trial from black dots he marked on them at the scene.
        Rule of Evidence 901 requires authentication of physical evidence (as well as other types of
evidence) before it can be admitted. Tex. R. Evid. 901; Jackson v. State, 968 S.W.2d 495, 500
(Tex. App.— Texarkana 1998, pet. ref’d). Whether the trial court erred in admitting physical
evidence is reviewed under an abuse of discretion standard. Smith v. State, 683 S.W.2d 393, 404
(Tex. Crim. App. 1984). A court abuses its discretion if it admits evidence when a reasonable
jury could not find that the evidence had been authenticated. Jackson, 968 S.W.2d at 499; Pena
v. State, 864 S.W.2d 147, 152 (Tex. App.— Waco 1993, no pet.). When the evidence has unique
or distinctive properties, the testimony of a witness who viewed the evidence at the relevant time
suffices to prove authenticity; otherwise, establishing the “chain of custody” may be required. 
Jackson, 968 S.W.2d at 500.
      Whether the black dots Neveu placed on the shell casings made them unique or distinctive
enough that he could testify to their authenticity without the “chain of custody” being established
is questionable. However, even if the admission of the shell casings into evidence was improper,
any error was harmless. We will not reverse for evidentiary errors that do not affect substantial
rights. Tex. R. Evid. 103(a); Tex. R. App. P. 44.2(b). Even without the shell casings, three
eyewitnesses testified the assailant fired five shots and that Blue was the assailant. The gun was
never recovered, and so the casings could not be directly tied to the gun, or to Blue, anyway. 
Therefore, the absence of the shell casings at trial would not have made any difference in the
outcome.
      The issue is overruled.
Issue 4: The Cross-Examination for Impeachment
      Blue complains the court erred by restricting her cross-examination of one of the
eyewitnesses, a juvenile named K.P. The State “blunted the sword” of Blue’s cross-examination
of K.P. by bringing out on direct examination that K.P. was currently in the custody of the Texas
Youth Commission because he committed an aggravated assault. On cross-examination, Blue
attempted to elicit testimony from him that the aggravated assault was a stabbing by him of another
boy. The State objected, and the court agreed and so ruled that the details of the offense were
irrelevant. 
      Blue presents no authority that supports her argument. Evidence of a juvenile adjudication
may be admissible at trial to attack the credibility of a juvenile who testifies. Tex. R. Evid.
609(d). However, the general rule, applicable here, is that details of the offense are not
admissible. Lape v. State, 893 S.W.2d 949, 958 (Tex. App.— Houston [14th Dist.] 1994, pet.
ref’d) (citing Mays v. State, 726 S.W.2d 937, 953 (Tex. Crim. App. 1986)). The fact that K.P.
was the State’s witness is irrelevant, because either party, including the one which called the
witness, may impeach the witness’s credibility. Tex. R. Evid. 607.
      The issue is overruled.
Conclusion
      Having overruled Blue’s four issues, we affirm the judgment.
 
 
                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed June 20, 2001
Do Not Publish