Anthony L. Banks v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-046-CR
No. 10-02-047-CR

     ANTHONY L. BANKS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the Criminal District Court 3 of Dallas County
Dallas County, Texas
Trial Court Nos. F01-15008-WJ and F01-21948-QVJ
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Anthony L. Banks pleaded guilty in a consolidated proceeding to aggravated robbery in trial
court cause number F01-15008-WJ (our cause number 10-02-046-CR) and to theft of property
valued at $20,000 or more but less than $100,000 in trial court cause number F01-21948-QVJ (our
cause number 10-02-047-CR). Pursuant to the State’s plea recommendation, the court assessed
Banks’s punishment at fifteen years’ imprisonment and a $3,000 fine in the aggravated robbery
case and ten years’ imprisonment and a $2,000 fine in the theft case. Banks filed a general notice
of appeal in both cases.
      To properly invoke the jurisdiction of this Court over an appeal from a negotiated guilty plea,
an appellant must file a notice of appeal which complies with Rule of Appellate Procedure
25.2(b)(3). See White v. State, 61 S.W.3d 424, 429 (Tex. Crim. App. 2001); Tex. R. App. P.
25.2(b)(3). Banks’s general notices of appeal do not. Accordingly, we dismiss Banks’s appeals
for want of jurisdiction.
 
                                                                         PER CURIAM
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeals dismissed for want of jurisdiction
Opinion delivered and filed March 13, 2002
Do not publish
[CR25]



G Times', serif">Your Honor, I’m going to have to object to that. I don’t think there was any testimony
whatsoever of what he’s saying as far as what she said or didn’t say, so I’m going to have
to object to that[.] I think its inflammatory.

The trial court instructed the jury to “recall what the evidence was.” 
      The State contends that Mullen’s issue was not preserved for our review. See Tex. R. App.
P. 33.1(a)(2). Because there was no express ruling on Mullen’s objection, we cannot consider the
State’s preservation argument until we determine whether the trial court implicitly ruled on the
objection. Gutierrez v. State, 36 S.W.3d 509, 511 (Tex. Crim. App. 2001). It appears from the
record that when the trial court instructed the jury to recall the evidence, it implicitly sustained
Mullen’s objection and instructed the jury to limit its consideration to the evidence. However,
Mullen did not request a mistrial. “[A] defendant's failure...to pursue to an adverse ruling his
objection to a jury argument forfeits his right to complain about the argument on appeal.” 
Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). See Mathis v. State, 67 S.W.3d
918, 927 (Tex. Crim. App. 2002) (“[W]e decline to overrule Cockrell, a case perfectly in line with
Rule of Appellate Procedure 33.1 and the policies underlying preservation of error.”). Thus,
Mullen has not preserved his complaint for our review.
      Mullen’s first issue is overruled.
Photograph
      In his second issue, Mullen contends that the trial court erred in admitting a photograph
because it created an unfair prejudice which outweighed any probative value it may have had. The
Texas Rules of Evidence provide that although relevant, evidence may be excluded if its probative
value is substantially outweighed by the danger of unfair prejudice. Tex. R. Evid. 403.
      The admissibility of a photograph is within the discretion of the trial court and is reviewed
for an abuse of discretion. Chamberlain v. State, 998 S.W.2d 230, 237 (Tex. Crim. App. 1999);
Kelley v. State, 22 S.W.3d 642, 644 (Tex. App.—Waco 2000, no pet.). We will not find error
in a trial court’s evidentiary ruling unless it falls outside “the zone of reasonable disagreement.” 
Narvaiz v. State, 840 S.W.2d 415, 429 (Tex. Crim. App. 1992); Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1990).
      In response to a Rule 403 objection to a photograph, the trial court must decide whether the
probative value of the photograph is substantially outweighed by the danger of unfair prejudice. 
Salazar v. State, 38 S.W.3d 141, 151 (Tex. Crim. App. 2001); Najar v. State, 74 S.W.3d 82, 89
(Tex. App.—Waco 2002, no pet.). When making this determination, the trial court should
consider “the number of photographs, the size of the photograph, whether it is in color or black
and white, the detail shown in the photograph, whether the photograph is gruesome, whether the
body is naked or clothed, and whether the body has been altered since the crime in some way that
might enhance the gruesomeness of the photograph to the [defendant’s] detriment.” Reese v.
State, 33 S.W.3d 238, 241 (Tex. Crim. App. 2000); Najar, 74 S.W.3d at 89.
      The State offered exhibits 7 and 8 at the same time through the testimony of Sergeant Marvin
Isles. The exhibits were 3.5" x 5" color photographs of Bonnie Jo. Exhibit 7 depicts a trail and
large pool of blood on the floor which appears to have flowed from Bonnie Jo’s head. The head
and clothed shoulders of Bonnie Jo are seen in the lower right corner of the photograph. Exhibit
7 was offered to show that Bonnie Jo’s body had been moved from its original location first by
Mullen and then by EMS personnel. Exhibit 8 is a photograph of Bonnie Jo’s face, covered in
blood. It was offered to show her condition when Sergeant Isles arrived at the Mullen’s home and
to show the bullet wound to her head. Mullen only objected to exhibit 8, arguing that its
introduction would inflame the minds of the jurors, causing an unfair prejudice to Mullen. A
much larger (8" x 10") color photo of Bonnie Jo’s face, after it had been cleaned to some extent,
showing the bullet wound was admitted later during the medical examiner’s testimony without
objection.
      As would be any photograph depicting a gunshot wound to the head which caused the death
of that person, exhibit 8 is gruesome. However, we do not find that its probative value was
substantially outweighed by the danger of unfair prejudice. Thus, the trial court did not abuse its
discretion in admitting the photograph.
      Mullen’s second issue is overruled.
Conclusion
      Having overruled Mullen’s issues on appeal, the trial court’s judgment is affirmed.
 
                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed October 9, 2002
Do not publish
[CR25]