# IN THE
# TENTH COURT OF APPEALS

## No. 10-01-303-CR

**LARRY WAYNE MULLEN, JR.,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 249th District Court
Johnson County, Texas
Trial Court # F34755**

# O P I N I O N

Larry Wayne Mullen, Jr. pled guilty to one count of manslaughter. He let the jury decide his punishment, and it assessed punishment at 20 years in prison and a $10,000 fine. Mullen brings two issues on appeal regarding: 1) the propriety of the State's closing argument; and 2) the propriety of a photograph admitted into evidence. We affirm.

## BACKGROUND

On the night of November 14, 2000, the Johnson County Sheriff's Office was dispatched to the home of Bonnie Jo and Larry Wayne Mullen, Jr. regarding a shooting. Sergeant Isles was the first to arrive. When he arrived, a woman directed him to a weapon on the floor and informed him "they" were in back. He pulled back a curtain to find Bonnie Jo on the floor

with a gunshot wound to her head. Mullen and his father had been trying to perform CPR on Bonnie Jo. Isles called in EMS but it was too late. Bonnie Jo was dead.

## JURY ARGUMENT

In his first issue, Mullen contends the State's jury argument was outside the record. The portion of the argument of which Mullen complains is as follows:

> Let me ask you this. Based on the evidence before you, should the brutal execution of a defenseless woman be trivialized by a probated sentence? Should this be–should this be, Bonnie, we don't–we know it was horrible, we know you were pleading for your life.

After a comment by Mullen, his attorney objected, stating:

> Your Honor, I'm going to have to object to that. I don't think there was any testimony whatsoever of what he's saying as far as what she said or didn't say, so I'm going to have to object to that[.] I think its inflammatory.

The trial court instructed the jury to "recall what the evidence was."

The State contends that Mullen's issue was not preserved for our review. *See* TEX. R. APP. P. 33.1(a)(2). Because there was no express ruling on Mullen's objection, we cannot consider the State's preservation argument until we determine whether the trial court implicitly ruled on the objection. *Gutierrez v. State*, 36 S.W.3d 509, 511 (Tex. Crim. App. 2001). It appears from the record that when the trial court instructed the jury to recall the evidence, it implicitly sustained Mullen's objection and instructed the jury to limit its consideration to the evidence. However, Mullen did not request a mistrial. "[A] defendant's failure…to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal." *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). *See Mathis v. State*, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002) ("[W]e decline to overrule *Cockrell*, a case perfectly in line with Rule of Appellate Procedure 33.1 and the policies

underlying preservation of error."). Thus, Mullen has not preserved his complaint for our review.

Mullen's first issue is overruled.

## PHOTOGRAPH

In his second issue, Mullen contends that the trial court erred in admitting a photograph because it created an unfair prejudice which outweighed any probative value it may have had. The Texas Rules of Evidence provide that although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403.

The admissibility of a photograph is within the discretion of the trial court and is reviewed for an abuse of discretion. *Chamberlain v. State*, 998 S.W.2d 230, 237 (Tex. Crim. App. 1999); *Kelley v. State*, 22 S.W.3d 642, 644 (Tex. App.—Waco 2000, no pet.). We will not find error in a trial court's evidentiary ruling unless it falls outside "the zone of reasonable disagreement." *Narvaiz v. State*, 840 S.W.2d 415, 429 (Tex. Crim. App. 1992); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

In response to a Rule 403 objection to a photograph, the trial court must decide whether the probative value of the photograph is substantially outweighed by the danger of unfair prejudice. *Salazar v. State*, 38 S.W.3d 141, 151 (Tex. Crim. App. 2001); *Najar v. State*, 74 S.W.3d 82, 89 (Tex. App.—Waco 2002, no pet.). When making this determination, the trial court should consider "the number of photographs, the size of the photograph, whether it is in color or black and white, the detail shown in the photograph, whether the photograph is gruesome, whether the body is naked or clothed, and whether the body has been altered since

the crime in some way that might enhance the gruesomeness of the photograph to the [defendant's] detriment." *Reese v. State*, 33 S.W.3d 238, 241 (Tex. Crim. App. 2000); *Najar*, 74 S.W.3d at 89.

The State offered exhibits 7 and 8 at the same time through the testimony of Sergeant Marvin Isles. The exhibits were 3.5" x 5" color photographs of Bonnie Jo. Exhibit 7 depicts a trail and large pool of blood on the floor which appears to have flowed from Bonnie Jo's head. The head and clothed shoulders of Bonnie Jo are seen in the lower right corner of the photograph. Exhibit 7 was offered to show that Bonnie Jo's body had been moved from its original location first by Mullen and then by EMS personnel. Exhibit 8 is a photograph of Bonnie Jo's face, covered in blood. It was offered to show her condition when Sergeant Isles arrived at the Mullen's home and to show the bullet wound to her head. Mullen only objected to exhibit 8, arguing that its introduction would inflame the minds of the jurors, causing an unfair prejudice to Mullen. A much larger (8" x 10") color photo of Bonnie Jo's face, after it had been cleaned to some extent, showing the bullet wound was admitted later during the medical examiner's testimony without objection.

As would be any photograph depicting a gunshot wound to the head which caused the death of that person, exhibit 8 is gruesome. However, we do not find that its probative value was substantially outweighed by the danger of unfair prejudice. Thus, the trial court did not abuse its discretion in admitting the photograph.

Mullen's second issue is overruled.

## CONCLUSION

Having overruled Mullen's issues on appeal, the trial court's judgment is affirmed.