# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00097-CR

**Jason Lynn Lewis, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 71476, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jason Lynn Lewis was charged with aggravated sexual assault of G.B., who was younger than 14 years old at the time of the offense. *See* Tex. Penal Code § 22.021(a)(1)(B)(iii) (setting out elements of offense). After a trial, the jury found Lewis guilty, and the district court imposed a sentence of fifteen years' imprisonment. *See id.* § 22.021(e) (providing that offense is first-degree felony); *see also id.* § 12.32 (listing permissible punishment range for first-degree felony). In three issues on appeal, Lewis asserts that he was denied effective assistance of counsel at trial and that the district court erred by admitting into evidence two photographs. We will affirm the district court's judgment of conviction.

**DISCUSSION**

**Effective Assistance of Counsel**

In his first issue on appeal, Lewis argues that he was denied effective assistance of counsel.

To succeed on an ineffectiveness claim, a defendant must overcome the strong presumption that his trial "counsel's conduct falls within the wide range of reasonable professional assistance" and must show that the attorney's "representation fell below an objective standard of reasonableness . . . under prevailing professional norms" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 689, 694 (1984). Evaluations of effectiveness are based on the totality of the representation. *Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013); *see also Davis v. State*, 413 S.W.3d 816, 837 (Tex. App.—Austin 2013, pet. ref'd) (providing that assessment should consider cumulative effect of counsel's deficiencies). Furthermore, even though a defendant is not entitled to representation that is error free, a single error can render the representation ineffective if it "was egregious and had a seriously deleterious impact on the balance of the representation." *Frangias*, 450 S.W.3d at 136.

In general, direct appeals do not provide a useful vehicle for presenting ineffectiveness claims because the record for that type of claim is usually undeveloped. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). "This is true with regard to the question of deficient performance . . . where counsel's reasons for failing to do something do not appear in the record." *Id.* (stating that "counsel's conduct is reviewed with great deference, without the

2

distorting effects of hindsight"). In addition, before their representation is deemed ineffective, trial attorneys should be afforded the opportunity to explain their actions. *Id.* If that opportunity has not been provided, as in this case, an appellate court should not determine that an attorney's performance was ineffective unless the conduct at issue "was so outrageous that no competent attorney would have engaged in it." *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

If ineffectiveness claims are based on the assertion that a trial attorney failed to make an objection, the defendant must show that if an objection had been made, the trial court would have committed error by not sustaining the objection. *See Brown v. State*, 6 S.W.3d 571, 575 (Tex. App.—Tyler 1999, pet. ref'd). Accordingly, for alleged failures to make a hearsay objection, the defendant must show that the district court would have abused its discretion by overruling the hearsay objection. *Cf. Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003) (reviewing ruling regarding admission of out-of-court statement over hearsay objection for abuse of discretion); *see also Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002) (explaining that trial court does not abuse its discretion if its ruling is within zone of reasonable disagreement).

When presenting this issue on appeal, Lewis generally refers to six different portions of the record and urges that his attorney failed to make six hearsay objections. Moreover, Lewis globally argues that those six failures rendered his attorney's representation deficient. Specifically, in his brief, he contends that his trial attorney was ineffective for failing to raise hearsay objections to the testimony that he summarizes as follows: (1) of Officer Phillip Taylor "that based on what G.B.'s mother told him, he believed the offense of aggravated assault had taken place"; (2) of Officer Robert Preston who testified "that based n G.B.'s forensic interview, he believed that G.B. had been sexually assaulted and Lewis was the suspect"; (3) of G.B.'s mother "indicating

3

that she received a text message from her older son indicating G.B. had told him something about Lewis"; (4) of G.B.'s older brother "indicating that four or five years earlier, G.B. had told him something about Lewis which he did not believe"; (5) of G.B.'s older brother stating that "G.B. repeated his accusation in April of 2013"; and (6) of G.B.'s stepfather in which he related "that G.B. told him of the assault perpetrated against him by Lewis." Further, Lewis asserts that the cumulative effect of these errors caused a breakdown in the adversarial process and that if his counsel had made hearsay objections to the testimony above, "there is a reasonable probability that the jury would not have convicted."

As set out above, the ineffectiveness claims presented by Lewis are based on his trial attorney's alleged failures to act, and the record before this Court is not sufficiently developed to evaluate those purported failures because neither his pretrial attorney "nor the State have been given an opportunity to respond to" the claims. *See Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012); *see also Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007) (overruling issue asserting that trial counsel was ineffective for failing to make hearsay objection because record was not sufficiently developed and because attorney's "conduct could have been part of a reasonable trial strategy"); *Infante v. State*, 397 S.W.3d 731, 739-40 (Tex. App.—San Antonio 2013, no pet.) (determining that failure to object to alleged hearsay testimony was not deficient performance when record was silent as to trial counsel's reasoning or strategy and noting that trial counsel may not have objected in order to prevent calling attention to matter).

Moreover, it is not entirely clear from the record before this Court that any of the referenced portions of the record contain hearsay as suggested by Lewis. Under the Rules of Evidence, hearsay is a statement that "the declarant does not make while testifying at the current

4

trial or hearing" and that "a party offers in evidence to prove the truth of the matter asserted." Tex. R. Evid. 801(d). However, in none of the portions of the record referred to by Lewis did any of the witnesses testify regarding the contents of a statement that was made by someone else. *See Perez v. State*, No. 13-13-00305-CR, 2014 Tex. App. LEXIS 640, at *5 (Tex. App.—Corpus Christi Jan. 23, 2014, no pet.) (mem. op., not designated for publication) (concluding that trial court did not err by overruling hearsay objection because witness did not testify about any statements made by children). On the contrary, the witnesses testified regarding conclusions that they formed after talking with someone else or regarding actions that occurred after a statement was made to them. *Cf. Lightner v. State*, Nos. 05-11-01659—01662-CR, 2013 Tex. App. LEXIS 5365, at *26-27 (Tex. App.—Dallas Apr. 30, 2013, no pet.) (mem. op., not designated for publication) (determining that statement "I learned where the vehicle wrecked" was not hearsay because statement was not made by one "other than the declarant").

Specifically, Officer Taylor testified that G.B.'s mother made a statement to him regarding G.B. and that based on that statement, he determined that the offense of aggravated sexual assault had occurred. Similarly, in Officer Preston's testimony, he related that based on what he heard G.B. tell the interviewer at the Child Advocacy Center, he concluded that the crime of sexual assault of a child had occurred. Further, Officer Preston communicated that after investigating this case, he concluded that Lewis was a suspect. However, neither officer actually discussed any statements that G.B. or her mother made regarding the incident.

In her testimony, G.B.'s mother explained that she received a text from her older son J.B. indicating that G.B. "had told [him] something about [Lewis]." However, G.B.'s mother did

5

not testify regarding any specific content in the message and related that at that point she did not have any idea what the text meant. During his testimony, J.B. stated that G.B. had told him something about Lewis, that he did not believe it when he heard it because he "didn't want to," and that G.B. repeated that story to him years later. Similarly, G.B.'s stepfather testified that he had a conversation with G.B., that G.B. told him for the first time what had happened, and that after talking with G.B., he and his wife discussed what to do next. However, as with the other witnesses, neither J.B. nor G.B.'s stepfather provided any details regarding what G.B. had told them.

Accordingly, even assuming that the suggested hearsay objections had been made and ruled on, we would be unable to conclude that the district court abused its discretion by overruling those objections. *See Martinez v. State*, 186 S.W.3d 59, 67 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (explaining that "[t]estimony by a police officer offered to explain how the officer came to suspect the accused, and not offered for the truth of the matter asserted, is not hearsay"); *Yancey v. State*, 850 S.W.2d 642, 644 (Tex. App.—Corpus Christi 1993, no pet.) (overruling issue asserting that trial court erred by admitting evidence over hearsay objection and noting that witness "never specifically recited anything that" was said to him); *cf. Ex parte Jimenez*, 364 S.W.3d 866, 887 (Tex. Crim. App. 2012) (explaining that "failure to object to proper questions and admissible testimony . . . is not ineffective assistance").

Based on the preceding, we need not further address the issue. However, we do note that ineffectiveness claims must also be considered in light of "the totality of the representation" provided by the attorney. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). During voir dire, Lewis's attorney informed the panel about why there are circumstances in which a trial

6

court will assess punishment even though there was a jury trial during the guilt or innocence phase, questioned the panel regarding their prior experiences and regarding whether those experiences would hamper their abilities to be fair in this case, discussed the presumption of innocence and the State's burden of proof, moved to strike multiple panel members for cause, and exercised his peremptory challenges. In the guilt or innocence phase, Lewis's attorney successfully objected to the testimony of several of the State's witnesses on hearsay grounds and cross-examined the State's witnesses. Moreover, during his closing arguments, Lewis's attorney emphasized the presumption of innocence and the State's burden and discussed the evidence and how G.B.'s brother did not initially believe that anything improper had happened. During the sentencing phase, Lewis's attorney called witnesses to testify on Lewis's behalf and emphasized in his closing that there was only one act alleged and that alcohol and drugs may have played a role.

For all of these reasons, we overrule Lewis's first issue on appeal.

**Admission of Photos**

In his second and third issues, Lewis contends that the district court erred by admitting into evidence two photographs. Those photos were offered into evidence during G.B.'s mother's testimony and depicted the living room of the house that G.B. and his family live in and G.B.'s bedroom, which is where the offense is alleged to have occurred. When challenging the admission of these photos, Lewis does not contend that the photos were not relevant or unfairly prejudicial; instead, he urges that the photos should not have been admitted because they "were not correct representations of the scene of the offense at the time of the offense."

7

"When reviewing a trial court's ruling on the admission of evidence, an appellate court applies an abuse of discretion standard of review." *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007); *see also Kelley v. State*, 22 S.W.3d 642, 644 (Tex. App.—Waco 2000, pet. ref'd) (providing that "[t]he admissibility of photographs is within the discretion of the court"). "A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement." *Casey*, 215 S.W.3d at 879. Rule of Evidence 901 governs the authentication requirements for the admission of evidence, *Reavis v. State*, 84 S.W.3d 716, 719 (Tex. App.—Fort Worth 2002, no pet.), and provides that evidence is authenticated if there is "evidence sufficient to support a finding that the matter in question is what its proponent claims," Tex. R. Evid. 901(a). *See also Huffman v. State*, 746 S.W.2d 212, 222 (Tex. Crim. App. 1988) (explaining that predicate to admission of photograph or video requires proof that it is "true and accurate represent[ation]" and that it is "relevant to the issues"). For a photo, there is no requirement that the authenticating witness "took the photo, saw it taken, or was present when it was taken," and "[a]ny witness who observed the object or the scene depicted in the photograph may lay the predicate." *Kelley*, 22 S.W.3d at 644.

The record in this case reveals that the photos were offered as recent photos of the bedroom where the offense occurred and of the living room where Lewis went to sleep after the alleged offense occurred and as evidence of how the furniture in those rooms was arranged on the night of the offense, including the location of the bed that Lewis and G.B. shared, and the State did not elicit testimony suggesting that the furniture depicted in the photos was the same as the furniture from when the offense occurred years prior to the trial. Specifically, prior to the photos being admitted, G.B.'s mother explained that the photos were current photos and not photos from the time

8

that the offense was alleged to have occurred, that the family installed new flooring since the alleged offense occurred, that there are new couches in the living room, and that there is a new bed in G.B.'s bedroom. However, G.B.'s mother also explained that although the furniture was new, the furniture was arranged in the same manner as the old furniture was at the time of the alleged assault. *Cf. Barber v. State*, 628 S.W.2d 104, 108 (Tex. App.—San Antonio 1981, pet. ref'd) (discussing how complaint that photo did not accurately depict scene because it was not taken on day of offense and because vehicles had been moved goes to weight of evidence rather than its admissibility).

G.B.'s mother's testimony that the rooms depicted were the living room from her home and G.B.'s bedroom and that the placement of furniture in the photos was the same as the placement on the night of the offense was sufficient to support a determination that the photos were what the State claimed that they were. *See Reavis*, 84 S.W.3d at 720 (providing that testimony that video is what it purports to be is sufficient to authenticate it); *see also* Tex. R. Evid. 901(b) (explaining that evidence may be authenticated through, among other ways, testimony that item is what party claims it to be).

For these reasons, we cannot conclude that the district court abused its discretion by admitting into evidence the two photographs. Accordingly, we overrule Lewis's second and third issues on appeal.

**CONCLUSION**

Having overruled all of Lewis's issues on appeal, we affirm the district court's judgment of conviction.

9

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   July 28, 2015

Do Not Publish