### H. V. MAY v. THE STATE.

No. 16292. Delivered November 22, 1933.
Rehearing Denied January 17, 1934.
Reported in 67 S. W. (2d) 266.

The opinion states the case.

G. C. Harris, of Greenville, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for perjury; punishment, two years in the penitentiary.

The record is here without any statement of facts or bills of exception. All matters of procedure appear to be regular. The judgment will be affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The appellant, through his counsel, advances the contention that the offense is not perjury

but if any offense, is false swearing. The oath made by the appellant was that prescribed by article 776, C. C. P., as a basis for the submission to the jury of the issue of a suspended sentence. In the statute on the subject of perjury, article 302, P. C., it is declared that the oath may be one that "is necessary for the prosecution or defense of any private right."

In article 306, P. C., it is said: "All oaths or affirmations legally taken in any stage of a judicial proceeding, * * * are included in the description of perjury."

It is the appellant's claim that in making the affidavit that he had never been convicted of a felony, he acted under a mistake. He had been pardoned of a previous conviction. The assumption that the pardon mentioned would justify the appellant in making the affidavit stating that he had never been convicted of a felony is untenable.

The request for a special charge upon the subject just stated and also the request for a charge on mistake were refused.

Upon the record as presented, no error is perceived in the action of the court in declining to sanction the alleged defense of mistake.

The motion for rehearing is overruled.

*Overruled.*