Norman Paul **COWART**, Appellant,

v.

**The STATE of Texas**, Appellee.

No. 48007.

Court of Criminal Appeals of Texas.

April 10, 1974.

Rehearing Denied May 15, 1974.

Glenn Hausenfluck, Fort Worth, for appellant.

Ed Paynter, Dist. Atty., and Glenn Heatherly, Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for perjury. Punishment was assessed by the jury at two years.

The record reflects that appellant entered a plea of nolo contendere before the court to an indictment charging him with

the offense of felony theft in Cause No. 10,842–A in the 42nd Judicial District Court of Taylor County on January 17, 1972. The charge of perjury in the instant case is based upon appellant's testimony in said felony theft case. The indictment alleges that appellant did " . . . willfully state and testify that he had never before been convicted of a felony offense in the State of Texas or any other State, which statement was material to the issue in said cause, and which statement was deliberately and willfully made and was deliberately and willfully false. . . . " The indictment further alleges that appellant was convicted on the 1st day of April, 1968, for the felony offense of forgery of a United States Treasury check in violation of Title 18, U.S.C., Section 495, in the United States District Court for the Northern District of Texas, in Cause No. CR–4–577.

■ At the outset appellant contends that there is a variance between the allegations in the indictment and the proof in that no evidence was introduced to support facts alleged in the indictment.

Appellant urges that the indictment alleges the elements of the felony theft offense upon which he was tried in Cause No. 10,842–A, and that since the "State having described the judicial proceeding with such particularity became obligated to prove same. . . . "

The indictment in the instant case recites that appellant "was duly and legally charged by indictment" and then sets out the elements of the felony theft charge in substantially the same language as appears in the indictment in said Cause No. 10,842–A.[1]

The indictment in Cause No. 10,842–A was introduced in the trial of the instant case, along with the judgment of conviction in which appellant was granted a two year probated sentence.

The indictment in Cause No. 10,842–A, introduced into evidence, is not at variance with the felony theft indictment described in the perjury indictment.

The appellant's reliance on McElroy v. State, 154 Tex.Cr.R. 20, 224 S.W.2d 715 and other similar cases, holding that where the State sets forth descriptive averments in an indictment or information (such as make and license number of an automobile driven by a defendant in a driving while intoxicated case) and is thereby required to prove those descriptive allegations, is misplaced.

Under the reasoning advanced by appellant, the State in a subsequent offense, driving while intoxicated case, would be required to prove the elements of the offense in the previous conviction such as date, intoxication and operation of motor vehicle by defendant if same were alleged in the indictment. Clearly, this is not the law.

We reject appellant's contention that the State was required to prove the elements of the felony theft case in which appellant was alleged to have committed perjury.

■ Appellant contends the evidence is insufficient to prove the offense of perjury in that there is no evidence that appellant knew at the time he testified that "he had never before been convicted of a felony offense in this state or any other state."

Appellant, testifying in his own behalf, stated that it was his understanding that when he fulfilled the terms of the six month probation granted him in the United States District Court for the Northern District of Texas on April 1, 1968, that the case would be dismissed and it would be as though he were never convicted. Appellant further testified that he did not know he was making a false statement when he testified in the felony theft case that he had never been convicted of a felony.

1. Willson's Texas Criminal Forms, Sec. 352, provides for the charge against the defendant in the cause in which he is alleged to have committed perjury before a court in a criminal case to be described substantially as alleged in the indictment therein.

In May v. State, 125 Tex.Cr.R. 194, 67 S.W.2d 266, it was held that alleged mistake in making affidavit for submission to jury on issue of suspended sentence that defendant had never been convicted of a felony or assumption that pardon justified such statement held no defense to charge of perjury. See Castro v. State, 124 Tex. Cr.R. 13, 60 S.W.2d 211.

█ In a perjury case it has long been held that the State need not allege and prove that accused knew a statement to be false when he made it. Gauthier v. State, 496 S.W.2d 584 and cases cited therein.

The court in the instant case instructed the jury that they could not convict appellant of perjury unless they found "from the evidence beyond a reasonable doubt that at the very time the defendant made the false statement under oath, if he did, he knew that such statement was false, if it was; and if you have a reasonable doubt that the defendant knew such statement was false at the time it was made, if you have found beyond a reasonable doubt that it was false, then you will acquit the defendant and say by your verdict not guilty."

The jury chose not to believe appellant, as they had a right to do, and resolved the issue of whether appellant knew the statement was false against him. See Castro v. State, supra. No error is shown.

█ Appellant contends that his conviction in the United States District Court for the Northern District of Texas did not constitute a conviction in "this state or any other state."

Appellant points to his Exhibit No. 1 which shows the ceding of exclusive legislative and constitutional jurisdiction over the land on which the federal courthouse

in Fort Worth[2] is located to the United States of America on March 8, 1932. Appellant urges that the State cannot define what constitutes a crime on such area and that such areas are subject to the exclusive criminal jurisdiction of the United States Government.

Appellant urges that those areas over which the federal government has acquired legislative jurisdiction are subject to the exclusive criminal jurisdiction of the United States Government and in support thereof cites Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455; United States v. Unzeuta, 281 U.S. 138, 50 S.Ct. 284, 74 L.Ed. 761; United States v. Watkins, 22 F.2d 437 (N.D.Cal.1927).

In the instant case appellant was not tried for an offense which occurred on land ceded the United States Government. The offense for which appellant was convicted in the instant case was the making of a false statement in a state court, an offense of which the court clearly had jurisdiction.

Appellant's argument that the State cannot define what constitutes a crime on land ceded to the United States is likewise without merit.[3] The State introduced evidence, uncontradicted by appellant, that appellant's conviction in federal court was for a felony offense.

In Arnold v. State, 127 Tex.Cr.R. 89, 74 S.W.2d 997, where it was contended that a conviction in a federal court could not be used for the purpose of enhancing penalty, it was stated:

"The offense was committed in the State of Texas, and the prosecution and conviction were had in a federal court sitting in this state." See Lopez v. State, 171 Tex.Cr.R. 672, 352 S.W.2d 747.

2. The record reflects that the trial in Cause No. CR–4–577 in the United States District Court for the Northern District of Texas was held in the federal courthouse in Fort Worth.

3. In the recent case of Johnson v. State, 498 S.W.2d 198, this court rejected a contention

that an offense committed on a United States Air Force base could not be proved to show a violation of the conditions of a probated sentence in a state court.

We reject appellant's contention that a conviction in the United States District Court for the Northern District of Texas did not constitute a conviction in "this state or any other state."

 Appellant's remaining contentions are general allegations of error. No discussion or argument is advanced in support of same. No authorities are cited. Nothing is presented for review under Article 40.09, Section 9, Vernon's Ann.C.C.P.

The judgment is affirmed.

Opinion Approved by the Court.