**Benito Quevedo BRIONES, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–061–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 30, 1981.

Rehearing Denied Dec. 17, 1981.

John F. Dominguez, Mercedes, for appellant.

Robert J. Salinas, Crim. Dist. Atty., Edinburg, for appellee.

Before BISSETT, YOUNG and GONZALEZ, JJ.

OPINION

BISSETT, Justice.

This is an appeal from a conviction for attempted rape. Defendant brings forward two grounds of error. The first is that a prospective juror was questioned on voir dire outside the presence of the defendant. This Court is allowed to review only those matters which appear in the

record. *Williams v. State*, 485 S.W.2d 274, 275 (Tex.Crim.App.1972); *Hobbs v. State*, 433 S.W.2d 700 (Tex.Crim.App.1968). There is nothing in the record to indicate defendant was absent during any part of the voir dire.

Tex.Code Crim.Pro.Ann. § 33.03 (Supp. 1980–1981), in pertinent part, provides:

"... When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial...."

See *Green v. State*, 510 S.W.2d 919 (Tex. Crim.App.1974). There being no evidence in the record to the contrary, defendant's first ground cannot be sustained.

Defendant's second ground of error is that the prosecutor committed reversible error by referring to the fact that the defendant could testify for himself. The complained of comment occurred during the cross-examination of the investigating police officer by defense counsel:

"BY MR. LONGORIA (Defense Counsel):

Q: In fact, he told you he was in a fight on 18th Street, didn't he?

A: He pointed towards 18th Street.

Q: Did he tell you that?

MR. RAMIREZ (Prosecutor): I will object to that, Your Honor. That is all hearsay. The defendant can testify for himself. It is all hearsay as to what the defendant said to him.

MR. LONGORIA: Your Honor, he is on cross-examination and I have a right to ask these questions.

THE COURT: Go ahead."

Defense counsel made no objection to the prosecutor's comment. It is settled that where no objection was made to comments concerning the defendant's right or failure to testify, nothing is preserved for review. *Campos v. State*, 589 S.W.2d 424 (Tex.Cr.App.1979). No objection to the comment was made at the trial and, thus, no issue is presented to this Court for appellate review. Moreover, defendant testified on his own behalf, which rendered any error, if any, harmless. Defendant's second ground of error is without merit.

We have carefully considered all of defendant's grounds of error. They are all overruled.

The judgment of the trial court is AFFIRMED.