**Dorothea DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–84–00427–CR.**

Court of Appeals of Texas,
Dallas.

Feb. 13, 1985.

Victor Ortiz, Dallas, for appellant.

Dennis E. Guffey, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, VANCE and DEVANY, JJ.

DEVANY, Justice.

The jury found appellant, Dorothea Davis, guilty of recklessly injuring a child younger than fourteen years and assessed three years imprisonment as punishment. In thirteen grounds of error, appellant complains that the trial court erroneously overruled her objections to the jury charge and photographic evidence of complainant's condition; denied her requested jury instructions and motions for mistrial; and improperly admitted certain testimony. She also contends that the evidence is insufficient to support her conviction. Because many of appellant's contentions present nothing for review and because we disagree with her remaining contentions, we affirm her conviction.

Appellant is complainant's mother. In grounds of error one, two and four, she contends that the trial court erred when it refused her requested jury instructions on the definition of "parent" and when it instructed the jury concerning the meaning of "on or about" the date the offense allegedly occurred. However, none of these grounds contain citations of authority and only one contains a reference to the record. Because these grounds of error do not comply with TEX. CODE CRIM. PROC. ANN. art. 40.09(9) (Vernon Supp.1985), they present nothing for review. *McWherter v. State,* 607 S.W.2d 531, 536 (Tex.Crim.App. 1980); *see also, Cook v. State,* 611 S.W.2d 83, 87 (Tex.Crim.App.1981) (concerning the need to cite evidence in the record supporting requested instructions).

In her third ground of error, appellant complains of a variance between the indictment and the charge. The indictment alleged that appellant "knowingly *and* intentionally ... caused serious bodily injury *and* serious physical deficiency and impairment ... by failing to provide support ...,  to wit: failing, neglecting *and* refusing to provide ... adequate food, clothing *and* medical care ... (emphasis added)." However, the trial court charged the jury in the disjunctive.

Appellant contends that, by charging the jury in the disjunctive, the jury was authorized to find her guilty for failing to provide adequate clothing. Appellant admits that the State may conjunctively allege the methods in which one commits an offense; however, she argues that the "failure or refusal solely to provide clothing ... [can] not cause serious physical deficiency or impairment."

We disagree. Whether a parent's failure to perform a legal obligation owed to his or her child caused "serious physical deficiency or impairment" is a question for the trier of fact. We cannot say that, as a matter of law, the failure to provide adequate clothing could never have this effect on a child. Because appellant has not properly attacked the sufficiency of the evidence as shown below, we think this contention is waived.

Nevertheless, having carefully reviewed the record, we think the evidence would support the jury's verdict even if failure to provide adequate clothing were its sole basis for finding appellant guilty. *See Sidney v. State,* 560 S.W.2d 679, 681

(Tex.Crim.App.1978). Medical testimony indicated that the complainant suffered from a severe rash caused by prolonged exposure to urine. A physician testified that this rash was similar to a second-degree burn and caused a substantial risk of death. Thus, we think the jury could have properly inferred that the appellant's failure to regularly change the complainant's diapers constituted failure to provide adequate clothing which caused serious physical deficiency.

■ Concerning the disjunctive submission of the remaining elements of the offense, it is not erroneous to charge the jury in the disjunctive when the indictment alleges them conjunctively unless the statute defines the offense in conjunctive terms. *See Ely v. State,* 582 S.W.2d 416, 421 (Tex.Crim.App.1979). The offense of injury to a child is disjunctively defined under TEX. PENAL CODE ANN. § 22.04 (Vernon Supp.1985); therefore, the trial court did not err by charging the jury in the disjunctive. Accordingly, appellant's third ground of error is overruled.

At trial, the State introduced testimony of incriminating statements made by appellant to a social worker who interviewed her when she brought complainant to the hospital for medical care. In her fifth ground of error, appellant contends this testimony was inadmissible because the social worker had not advised her of her rights as required by TEX. CODE CRIM. PROC. ANN. art. 38.22 (Vernon 1979 & Vernon Supp. 1985). The State contends that article 38.-22 is inapplicable because the social worker's interview was not a "custodial" interrogation.

■ Custodial interrogation occurs when law enforcement officers initiate questioning after a person has been taken into custody or otherwise significantly deprived of freedom of action. *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). Probable cause to arrest, subjective intent of the police, focus of the investigation, and the accused's subjective beliefs are relevant to determining whether the social worker's questioning occurred while appellant was in "custody." *United States v. Phelps,* 443 F.2d 246, 247 (5th Cir.1971).

■ In the instant case, appellant was interviewed by a state social worker called in by the hospital's physicians. Concerning her intent for conducting the interview, the social worker testified that she was investigating whether or not to initiate civil proceedings to remove the complainant from appellant's custody. She was not a police officer nor was she making a criminal investigation. Appellant did not testify whether she believed she was free to leave the hospital's family room where the interview was held.

On the basis of this evidence, the interview was not a "custodial interrogation" which required *Miranda* warnings. *Cf., Payne v. State,* 579 S.W.2d 932 (Tex.Crim. App.1979) (holding general questioning by probation officer not a "custodial" interrogation). Consequently, appellant's fifth ground of error is overruled.

■ Appellant next complains that the trial court erred when it admitted photographs depicting the complainant's condition because they were not properly authenticated and because they were inflammatory. Concerning the authentication issue, appellant argues that, although the authenticating witness stated that these photos accurately depicted the child's condition on the day they were taken, they were inadmissible because the witness did not testify before the photos were admitted that she was present when they were taken.

Proper authentication of photographic evidence requires that the witness, based on personal knowledge, identify the picture as accurately and correctly portraying the relevant facts. *Goss v. State,* 549 S.W.2d 404, 406 (Tex.Crim.App. 1978); *Haas v. State,* 498 S.W.2d 206, 211 (Tex.Crim.App. 1973). Because the witness satisifed this requirement, whether or not she was present at the time the picture was taken affects the weight to be given the photo by the trier of fact rather than its admissibili-

ty. *See Dupnik v. State,* 654 S.W.2d 780, 788 (Tex.App.—Corpus Christi 1983, pet. ref'd). Nevertheless, even if the witness were required to be present when the photograph was taken, the error of which appellant complains would have been cured because the witness later testified that she was present when the child was photographed. *See Sherlock v. State,* 632 S.W.2d 604, 606 (Tex.Crim.App.1982).

■ Appellant also claims that admitting these photographs was improper because they were inflammatory and prejudicial. It is within the trial judge's discretion to decide if the prejudicial effect of these pictures was outweighed by their probative value concerning a relevant issue. *Martin v. State,* 475 S.W.2d 265, 267 (Tex.Crim. App.), *cert. denied,* 409 U.S. 1021, 93 S.Ct. 469, 34 L.Ed.2d 312 (1972); *Lanham v. State,* 474 S.W.2d 197, 199 (Tex.Crim.App. 1971).

■ Complainant's physical condition was relevant to proving serious physical deficiency or impairment. Further, several witnesses testified to the child's physical appearance without objection by appellant. Because this testimony was admissible to illuminate the general nature of the incident, *Campbell v. State,* 525 S.W.2d 4, 7 (Tex.Crim.App.1975), a photographic rendition of complainant's appearance was also admissible. *Luck v. State,* 588 S.W.2d 371, 374 (Tex.Crim.App.1979). A photograph is merely a graphic portrayal of facts that may be proved by oral testimony. *Welch v. State,* 576 S.W.2d 638, 640 (Tex.Crim.App. 1979). Accordingly, we hold that the trial court did not err when it admitted these photos and overruled appellant's sixth and eighth grounds of error.

■ Appellant next contends, in her seventh ground of error, that the trial judge erroneously denied her motion for mistrial after sustaining her objection to testimony authenticating photographs of appellant's other children and instructing the jury to disregard. Appellant contends that the testimony was designed to introduce an extraneous offense. Assuming arguendo that this evidenced an extraneous offense, the instruction to disregard cured any error. *Davis v. State,* 642 S.W.2d 510, 512 (Tex.Crim.App.1982). Consequently, appellant's seventh ground of error is overruled.

■ In grounds of error nine through eleven, appellant complains that the trial judge improperly admitted testimony in violation of her motions to instruct and the doctor-patient privilege. However, appellant merely restates these grounds of error as her argument following a brief factual statement. Consequently, because these grounds are not briefed, nothing is presented for review. *Cowart v. State,* 508 S.W.2d 613, 616 (Tex.Crim.App.1974); TEX. CODE CRIM.PROC.ANN. art. 40.09(9) (Vernon Supp.1985). Therefore, these grounds of error are overruled.

■ In her twelfth ground of error, appellant contends that the trial court erroneously overruled her motion for mistrial resulting from the prosecutor's improper jury argument. We have thoroughly examined the statement of facts and are unable to locate such motion during argument at the close of either the guilt-innocence or punishment phases of the trial. Further, appellant merely refers to ten pages of recorded jury argument containing seven objections. Because this ground of error complains of more than one act or incident, it is multifarious and preserves nothing for review. *Euziere v. State,* 648 S.W.2d 700, 703 (Tex.Crim.App.1983); TEX.CODE CRIM.PROC.ANN. art. 40.09(9) (Vernon Supp.1985); TEX.R.CRIM.APP.P. 201.

■ In her last ground of error, appellant concludes that the State did not present sufficient evidence to prove her guilty. However, appellant does not refer us to the record nor does she cite any legal authority to support this conclusion. A ground of error based on insufficient evidence that contains no references to the record and cites no authority presents nothing for review. *Mosley v. State,* 494 S.W.2d 557, 558 (Tex.Crim.App.1973).

Thus, we overrule this ground of error and affirm the trial court's judgment.