**Cipriano ROMO, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. A14–85–058–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 31, 1985.

Ira Perez, of Steve Herbert & Associates, Houston, for appellant.

John B. Holmes, Dist. Atty., Roe Morris, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

Appellant was found guilty by a jury of the charge of aggravated robbery. After the verdict was returned and before the punishment hearing commenced, appellant voluntarily absented himself from the trial. The jury continued with the punishment phase of trial and assessed his punishment at ten years' confinement in the Texas Department of Corrections. Appellant was subsequently arrested in Colorado, returned to Houston and was sentenced.

Appellant perfected his appeal, advancing three grounds of error. In the first ground, he alleges error in the admission of certain physical evidence. In the second, he complains of an incomplete reading of testimony to the jury pursuant to its request during deliberation. Finally, in his third ground of error, appellant attacks the sufficiency of the evidence. We affirm the conviction.

On November 27, 1981, the complainant, Silviano Villanueva, and a companion were robbed at gunpoint by appellant and another person. The complainant testified that he and his companion were walking towards the entrance of a Fiesta Food Market in Houston when appellant and his co-defendant confronted them and told them "it was a robbery." The complainant fled when appellant took out a pistol; however, he looked back to see money being taken from his companion. The complainant found Deputy Hill, a security guard at the market, and explained to him in Spanish what had occurred. Since the complainant speaks only Spanish and Deputy Hill speaks only English, the Deputy thought appellant and his co-defendant were trying to steal the complainant's vehicle. Hill approached appellant, who was trying to start the vehicle. An investigation revealed appellant and co-defendant owned the vehicle, so Hill returned to the store. Mark Lairson, the manager of the market, later acted as an interpreter between the complainant and Deputy Hill and determined that the complainant and his companion were robbed at gunpoint. Deputy Hill notified the police, who found appellant and co-defendant still near the parking lot in the disabled vehicle.

In his first ground of error, appellant argues that the trial court committed fundamental error in admitting into evidence a gun and eleven rounds of ammunition offered by the state without the proper predicate. At trial, Mark Lairson testified that subsequent to the occurrence in question he found the gun and ammunition in a flower bed near the store. Mr. Lairson notified a Houston police officer investigating the scene, who then recovered the evidence. The state offered these exhibits into evidence, and the trial court admitted them over appellant's objection that no connection between them and the appellant had been made. There were no fingerprints lifted from the gun and no testimony that appellant was ever seen in the vicinity of the flower bed.

While it appears the evidence was received prematurely, its admission was rendered harmless by the subsequent actions of appellant in questioning the complainant. Counsel for appellant asked, "Mr. Villanueva, how do you know that that's the gun that they used *when they robbed you*?" (Emphasis added.) The complainant replied, "Because I saw it." Appellant's counsel asked no further questions, and the witness was excused.

 The rule in Texas is that where evidence is prematurely or erroneously received, it may be rendered harmless by subsequent actions of the defendant. *Williams v. State*, 604 S.W.2d 146, 149 (Tex. Crim.App.1980) (en banc). A conviction will not be reversed for error in receiving evidence that was not admissible when received but which became admissible at a subsequent stage. *Id.* *See also Jones v. State*, 587 S.W.2d 115 (Tex.Crim.App.1979)

(opinion on rehearing). The question asked complainant by appellant's counsel produced an answer which rendered the erroneously admitted evidence admissible. Appellant's first ground of error is overruled.

 In his second ground of error, appellant objects to the incomplete reading to the jury of certain testimony in response to a request made by the jury during deliberations. The record is silent as to what portion of the testimony was read to the jury. Therefore, nothing has been preserved upon which we may assign error. *See generally Holcomb v. State,* 523 S.W.2d 661 (Tex.Crim.App.1975); *Briones v. State,* 626 S.W.2d 117 (Tex.App.—Corpus Christi 1981, no pet.). Appellant's second ground of error is overruled.

Appellant contends in his final ground of error there was insufficient evidence to sustain a conviction for aggravated robbery. He argues the record fails to establish that theft was committed against the complainant since no money was taken from him before he fled. Section 29.03 of the Texas Penal Code provides:

(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:

(1) causes serious bodily injury to another; or

(2) uses or exhibits a deadly weapon.

Section 29.02 defines robbery as follows:

(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

The code does not require the *completion* of the act of theft; rather, the act need only be committed with the *intent* to obtain or maintain control of the property. *See Autry v. State,* 626 S.W.2d 758, 762 (Tex. Crim.App.1982) (en banc), and other cases cited therein. Appellant's third ground of error is overruled.

Accordingly, the judgment of the trial court is affirmed.