

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-14-00177-CR

Alejandro Leal **PEÑA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Atascosa County, Texas
Trial Court No. 12-090168-CRA
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Jason Pulliam, Justice

Delivered and Filed:  April 15, 2015

AFFIRMED

This case stems from Appellant Alejandro Leal Peña's convictions of the offenses of aggravated sexual assault and indecency with a child.  After finding Peña guilty, the jury assessed punishment at confinement for life in the Institutional Division of the Texas Department of Criminal Justice as a habitual offender.  On appeal, Peña contends the trial court abused its discretion in admitting unauthenticated statements by the State's witness at the punishment phase of the trial.  We affirm the trial court's judgment.

**BACKGROUND**

On March 13, 2014, Appellant Alejandro Leal Peña was convicted by a jury of the offenses of aggravated sexual assault and indecency with a child. During punishment, the State presented evidence Peña was a habitual offender and two witnesses identifying prior bad acts. The jury assessed punishment at life confinement in the Institutional Division of the Texas Department of Criminal Justice. In his sole issue on appeal, Peña contends the trial court erred in admitting a photograph during the punishment phase because the photograph was not properly authenticated. We, therefore, limit our discussion to the testimony of Tanya,[1] the punishment witness through which the State offered the exhibit in question.

Tanya testified regarding her text message exchanges with an individual she knew as Alejandro Peña. The interaction between Tanya and Peña began accidently; Tanya sent a text message to a number that matched her friend's number, with the exception of the area code.

> His phone number was the same as my best friend's except the area code was different. So when I sen[t] a message to the phone and I didn't put the area code, it went to him instead and he replied as if he knew who it was and after a couple of messages, I realized it wasn't her. But I kept sending messages.

After almost two weeks of exchanged text messages, Tanya asked Peña's name. Peña called Tanya's phone; Tanya originally answered but then "hung up because [she] was scared." Peña told her that she sounded young and Tanya disclosed she was twelve years old. He later told her he was forty-eight years old.

Tanya testified that Peña requested she send him pictures of herself. She agreed and sent several photographs of herself to Peña, including photographs of herself "without her clothes." Tanya also stated she received photographs of Peña: "He sent me one of him without a shirt and then another of him with glasses and a shirt and another one with him just with a shirt and several

---

[1] To protect the identity of the victim, we refer to the minor child as "Tanya."

of—without clothes." The conversations between the two would, at times, become sexual in nature, with Peña expressing a desire to perform certain sexual acts on Tanya.

At trial, Tanya identified Peña as the person in the photographs sent to her cell phone. Additionally, Tanya stated she was friends with "Alejandro Peña" on Facebook. As a predicate to an evidentiary offer, the prosecutor showed Tanya State's Exhibit #3—a photograph of a cell phone depicting a picture of Peña. Tanya identified the cell phone as hers and the picture as "one of the pictures that [Peña] sent me."

Tanya affirmed the photograph was a fair and accurate depiction of her phone when Peña's picture was received.

After the State offered Exhibit #3 into evidence, Defense counsel objected, on the grounds of insufficient authentication, to the admission of State's Exhibit #3. The objection was overruled, and the exhibit was admitted. Tanya then testified that she sent text messages and photographs to the person in the picture, and the same person in the picture sent her text messages and photographs.

On cross-examination, Tanya admitted she never met or saw Peña in person. Tanya only spoke once on the phone with someone and it was "just for a second." Additionally, Tanya stated she messaged with the individual through Facebook and knew with whom she was exchanging messages because of several photographs Peña sent to her.

On redirect examination, Tanya testified that the pictures sent matched the context of the conversation. Tanya confirmed that when she asked Peña for a photograph, she received one. Tanya did not consider the photographs to be random photographs of someone she did not know. Tanya did exchange text messages with other "boys," but none were forty-eight years old. None of Tanya's other exchanges were of the same sexual nature as the exchange between her and this individual.

**ADMISSION OF EVIDENCE**

Peña contends because the message was not properly authenticated under Texas Rule of Evidence 901, the trial court abused its discretion in admitting a photograph of a text message Tanya believed was sent by Peña. TEX. R. EVID. 901.

## A.    Standard of Review

An appellate court reviews a trial court's preliminary determination of authenticity of evidence under an abuse of discretion standard. *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012); *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court does not abuse its discretion unless its decision is outside the zone of reasonable disagreement. *Tienda*, 358 S.W.3d at 638 ((citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)); *Campbell v. State*, 382 S.W.3d 545, 552 (Tex. App.—Austin 2012, no pet.) (stating jury entitled to weigh the credibility of witnesses as long as proffered evidence is at least within the zone of reasonable disagreement). There is no abuse of discretion if the trial court "reasonably believes that a reasonable juror could find that the evidence has been authenticated or identified." *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007); *Kelley v. State*, 22 S.W.3d 642, 644 (Tex. App.—Waco 2000, pet. ref'd) (concluding admissibility within the discretion of the court when serves "the proper purpose in enlightenment of the jury").

## B.    Arguments of the Parties

Peña contends the State merely demonstrated the messages were received by Tanya from a phone number that Tanya believed to be associated with Peña. Peña argues Texas Rule of Evidence 901 prohibits the admission of the photograph because the State failed to "adequately demonstrate that the messages received by Tanya were what the State claimed them to be: messages from [Peña] as opposed to messages [Tanya] believed or assumed were in fact authored by [Peña]." *See* TEX. R. EVID. 901.

The State responds it made a prima facie case the evidence was what it purported to be, and any challenge thereafter to the authenticity, through evidence or cross examination, was an issue for the jury to decide. *Tienda*, 358 S.W.3d at 645.

## C.    Authentication

Texas Rule of Evidence 104(a) dictates the preliminary question to be decided by the trial court is whether to admit evidence at trial. TEX. R. EVID. 104(a); *Tienda*, 358 S.W.3d at 637. Only relevant evidence is admissible. TEX. R. EVID. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401. A proponent of evidence is not required to "rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be." *Campbell*, 382 S.W.3d at 549. "The preliminary question for the trial court to decide is simply whether the proponent of the evidence has supplied facts that are sufficient to support a reasonable jury determination that the evidence he has proffered is authentic." *Tienda*, 358 S.W.3d at 638; *see also Manuel v. State*, 357 S.W.3d 66, 74 (Tex. App.—Tyler 2011, pet. ref'd) (stating "proponent must only produce sufficient evidence that a reasonable fact finder could properly find genuineness").

The issue of authentication arises when the relevancy of evidence is conditioned on its identity. *Campbell*, 382 S.W.3d at 548. Authentication is generally accomplished by direct testimony from a witness with personal knowledge, or by circumstantial evidence. *See* TEX. R. EVID. 901; *Manuel*, 357 S.W.3d at 75. Previous exhibits found to be sufficiently linked to the proponent to allow submission to the fact finder for its ultimate determination of credibility include emails, internet chat room conversations, and text messages. *Tienda*, 358 S.W.3d at 639; *see also Manuel*, 357 S.W.3d at 74 (stating the proponent need only provide sufficient evidence to allow the jury to draw a proper conclusion of genuineness, not disprove all inconsistencies of authenticity

to gain admittance). The *Tienda* court, however, cautioned that an electronic message purporting to come from a certain address, or a respondent in a communication purporting to be a particular individual, or a message emanating from a device assigned to the purported author, without more, is insufficient to support a finding of authenticity. *Tienda*, 358 S.W.3d at 642.

For authentication by a witness with knowledge of an electronic communication, a witness qualifies as having knowledge when they participated in an exchange of messages and can testify to an exhibit's fair and accurate depiction of the message exchange. TEX. R. EVID. 901(b)(1); *see also Aekins v. State*, No. 04-13-00061-CR, 2013 WL 5948188, at *5–6 (Tex. App.—San Antonio Nov. 6, 2013), *aff'd*, 447 S.W.3d 270; *Ussery v. State*, No. 03-07-00116-CR, 2008 WL 269439, at *7 (Tex. App.—Austin Jan. 30, 2008, pet. ref'd) (mem. op., not designated for publication) (stating witness's testimony that exhibits were "fair and accurate copies" of messages she had exchanged with defendant was sufficient to authenticate e-mails). When a photograph is authenticated by a witness with knowledge, the admissibility of the photograph is conditioned on the witness's identification of the exhibit as a fair and accurate depiction of the event the photograph purports to portray. TEX. R. EVID. 901(b)(1); *Kelley*, 22 S.W.3d at 644; *Davis v. State*, 687 S.W.2d 78, 81 (Tex. App.—Dallas 1985, pet. ref'd). There is no requirement the individual authenticating the photograph have been the photographer or even been present when the photograph was taken. *Kelly*, 22 S.W.3d at 644; *Davis*, 687 S.W.2d at 81.

**E.    Analysis**

Peña contends the State failed to adequately demonstrate (1) the messages received by Tanya were messages from Peña himself and (2) the messages were received from a phone number the witness believed was associated with Peña. He claims the evidence was insufficient to show the messages were authored by him. The admission of State's Exhibit #3 was conditioned on a witness with knowledge identifying the photograph as an accurate representation of what the

photograph purported to portray. *Kelley*, 22 S.W.3d at 644; *Davis*, 687 S.W.2d at 81. The individual identified himself to Tanya as Alejandro Peña and the identification matched an individual with the same name and same appearance on Facebook.

Tanya testified she was familiar with the event the photograph purported, an exchange between herself and an individual she knew as Alejandro Peña. Tanya identified the exhibit as fair and accurate depiction of a photograph she received. Tanya stated she sent messages and photographs of herself, and the responder sent her messages and photographs of himself. Tanya identified the exhibit as a picture of her cell phone with a picture she received, and identified Peña as the individual in the photographs she received. Whether Tanya was present when the photograph was taken, and whether she knew Peña outside the exchange of text messages, only affects the weight to be given the exhibit, not its admissibility. *Davis*, 687 S.W.3d at 81.

We conclude the photograph proffered with the testimony regarding the exchange of messages and photographs circumstantially support the messages were sent by Peña, and sufficient for the trial court to find the State provided sufficient evidence to allow the jury to draw a proper conclusion of genuineness. *Manuel*, 357 S.W.3d at 74 (stating the hurdle of admission of evidence may be cleared by circumstantial evidence); *see also Aekins v. State*, No. 04-13-00061-CR, 2013 WL 5948188, at *5–6 (Tex. App.—San Antonio Nov. 6, 2013), *aff'd*, 447 S.W.3d 270. The proponent is not required to dispel "all possibilities inconsistent with authenticity, or prove beyond any doubt that evidence is what it purports to be." We, therefore, overrule Peña's contention the State failed to properly authenticate State's Exhibit #3. *Manuel*, 357 S.W.3d at 74; *see also Tienda*, 358 S.W.3d at 639.

## CONCLUSION

Because we conclude the trial court's determination is within the zone of reasonable disagreement, we find the trial court did not abuse its discretion in admitting the State's evidence. *See Tienda*, 358 S.W.3d at 638.

Patricia O. Alvarez, Justice

PUBLISH