**AFFIRM; and Opinion Filed November 30, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00070-CR

**DERRICK MITCHELL, JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-82777-2014**

## MEMORANDUM OPINION

Before Justices Fillmore, Brown, and Richter[1]
Opinion by Justice Fillmore

Appellant Derrick Mitchell, Jr. was indicted for the offense of aggravated sexual assault with deadly weapons—a knife and a flashlight. *See* TEX. PENAL CODE ANN. § 22.021(a) (West Supp. 2016). Without a plea agreement as to punishment, Derrick[2] pleaded guilty. The trial court found Derrick guilty and that he used or exhibited deadly weapons and assessed punishment of thirty-five years' confinement with no fine. In two issues on appeal, Derrick asserts the trial court erred in (1) denying his motion to suppress the search warrant which permitted the examination of his cell phone and (2) overruling his objection to the admission into

---

[1] The Hon. Martin Richter, Justice, Assigned.

[2] Because appellant and the complainant Kimberly Mitchell have the same surname, we use their first names in this opinion.

evidence of cell phone text messages which were not authenticated at the time of admission. We affirm the trial court's judgment.

## Background

Derrick was charged by indictment with the August 30, 2014 first degree felony of aggravated sexual assault of his wife, Kimberly, with deadly weapons—a knife and a flashlight. Derrick's pretrial motion to suppress all evidence resulting from a search of his cell phone was denied by the trial court. Derrick subsequently made an open plea of guilty to the charge in the indictment, and the trial court found him guilty and found he used or exhibited deadly weapons during commission of the offense. Following a punishment hearing, the trial court assessed punishment of thirty-five years' confinement.

## Motion to Suppress

At the time of his arrest for the alleged aggravated sexual assault, Derrick's personal Samsung cell phone (Derrick's cell phone) was taken into evidence by the arresting officer. Detective James Phelan of the Plano Police Department applied for a search warrant for a forensic examination of Derrick's cell phone. In his affidavit in support of the request for a search warrant, Phelan stated the data to be extracted from Derrick's cell phone during a forensic examination would include, among other things, logs of outgoing calls and "SMS / MMS messages," or text and picture messages. *See Butler v. State*, 459 S.W.3d 595, 600 (Tex. Crim. App. 2015) ("Text messages are 'short messages [sent] over a cellular phone network, typically by means of a short message service (SMS).'") (quoting Steven Goode, *The Admissibility of Electronic Evidence*, 29 REV. LITIG. 1, 16 n.66 (Fall 2009)); *see also United States v. Flores-Lopez*, 670 F.3d 803, 806 (7th Cir. 2012) (cellular phones include "MMS (multimedia messaging

service) picture messaging").[3] Derrick's appellate brief acknowledged that Phelan's affidavit "set[ ] forth facts that established probable cause that [Derrick] had committed a sexual assault." Phelan's attestation regarding probable cause also included the following "facts and circumstances":

> Affiant learned that the suspect had also committed the offense of Terroristic Threats by calling the victim numerous times and stated that he would commit further acts of sexual assault, degrading the victim and had access to a weapon and would kill her and himself if she did not immediately return to their home.

In his first issue on appeal, Derrick asserts the trial court erred in denying his motion to suppress the search warrant which permitted the forensic examination of his cell phone. Derrick argues there were no facts set forth in Phelan's affidavit in support of the request for a search warrant which established a connection between Derrick's cell phone and the commission of an offense.

A search warrant may not legally issue unless it is based on probable cause. U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; TEX. CODE CRIM. PROC. ANN. art. 1.06 (West 2005). Under Texas law, "[n]o search warrant shall issue for any purpose in this state unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance." TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (West Supp. 2015). "A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested." *Id.* For an evidentiary search warrant, the sworn affidavit must set forth facts sufficient to establish probable cause:

> (1) that a specific offense has been committed,
> (2) that the specifically described property or items that are to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense, and

---

[3] *See also In re Mobilactive Media, LLC*, C.A. No. 5725-VCP, 2013 WL 297950, at *2 (Del. Ch. Jan. 25, 2013) ("Short Message Service ('SMS')" is "known as 'text messaging'" and "Multimedia Messaging Service ('MMS') is a messaging architecture that allows users to send multimedia content, such as images, video, and audio, to and from mobile phones.").

(3) that the property or items constituting evidence to be searched for or seized are located at or on the particular person, place, or thing to be searched.

*Id*. art. 18.01(c); *see also id*. art. 18.02(10) (West Supp. 2015)[4]; *Carman v. State*, 358 S.W.3d 285, 297 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). Probable cause exists when, under the totality of the circumstances, there is a fair probability or substantial chance that evidence of a crime will be found at the specified location. *Bonds v. State*, 403 S.W.3d 867, 873 (Tex. Crim. App. 2013); *Baldwin v. State*, 278 S.W.3d 367, 371 (Tex. Crim. App. 2009) (in context of evidentiary searches, probable cause involves "a fair probability that contraband or evidence of a crime will be found") (quoting *Alabama v. White*, 496 U.S. 325, 330 (1990)).

We typically review a trial judge's motion-to-suppress ruling under a bifurcated standard, giving almost total deference to the trial judge's determination of historical facts and then reviewing de novo the trial judge's application of the law. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). A trial court's determination whether probable cause exists to support issuance of a search warrant is based solely on the affidavit's four corners. *Bonds*, 403 S.W.3d at 873. A magistrate's decision to issue an evidentiary search warrant is reviewed under a highly deferential standard of review. *Id*. If the magistrate had a substantial basis for concluding that probable cause existed, then the magistrate's decision should be upheld. *Id*. (citing *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). The magistrate may interpret the affidavit in a non-technical, common-sense manner, drawing reasonable inferences solely from the facts and circumstances contained within the affidavit's four corners. *Id*. (citing *State v. Jordan*, 342 S.W.3d 565, 569 (Tex. Crim. App. 2011)). Appellate courts should not

---

[4] Article 18.0215 of the code of criminal procedure entitled "Access to Cellular Telephone or Other Wireless Communications Device" was not in effect at the time of the issuance of the search warrant for the contents of Derrick's cell phone. *See* TEX. CODE CRIM. PROC. ANN. art. 18.0215 (West Supp. 2015).

invalidate a warrant through a hyper-technical interpretation of the affidavit if the warrant would be valid through a common sense interpretation. *Id*. (citing *McLain*, 337 S.W.3d at 272).

Derrick acknowledges in his appellate brief that Phelan's affidavit in support of the request for a search warrant sets forth facts that established probable cause that he had committed a sexual assault. Phelan's affidavit also sets forth the information he learned through investigation of an offense report relating to terroristic threats; Phelan indicated that Derrick had called Kimberly numerous times and stated he would commit further acts of sexual assault, had degraded Kimberly, had access to a weapon, and would kill himself and Kimberly if she did not return home. Phelan's affidavit sets forth facts sufficient to establish probable cause that a sexual assault and terroristic threats had occurred. *See* TEX. CODE CRIM. PROC. ANN. art. 18.01(c). The affidavit further set forth facts sufficient to establish probable cause that Derrick's cell phone, including the log of outgoing calls to be extracted from his phone, would constitute evidence of his communications with Kimberly regarding the sexual assault and threats of further acts of violence, including sexual assault. Under the totality of the circumstances, there was a fair probability or substantial chance that evidence of a crime would be found through the forensic examination of Derrick's cell phone. *See Bonds*, 403 S.W.3d at 873. Further, interpreting Phelan's affidavit in a non-technical, common-sense manner, the magistrate could have drawn the reasonable inference that, in addition to calls made to Kimberly, Derrick's cell phone could contain text messages to Kimberly that constitute evidence of the aggravated sexual assault and terroristic threats. *See id*.

We conclude the magistrate had a substantial basis for concluding that probable cause existed to support the evidentiary search warrant for the forensic examination of Derrick's cell phone. *See id*. We resolve Derrick's first issue against him.

## Admission of Evidence

In his second issue, Derrick contends the trial court erred in overruling his objection to the admission into evidence of text messages forensically extracted from his cell phone which were not authenticated at the time of their admission. *See* TEX. R. EVID. 901(a). We generally review the trial court's admission of evidence under an abuse of discretion standard. *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012); *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). As long as the trial court's ruling is within the "zone of reasonable disagreement," there is no abuse of discretion. *Tillman*, 354 S.W.3d at 435.

Authentication of an item of evidence is a condition precedent to admissibility. TEX. R. EVID. 104, 901(a); *Tienda*, 358 S.W.3d at 638.[5] "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." TEX. R. EVID. 901(a). "As with other types of evidence, text messages may be authenticated by 'evidence sufficient to support a finding that the matter is what its proponent claims.'" *Butler*, 459 S.W.3d at 600-01 (quoting TEX. R. EVID. 901(a)). The proponent of text message evidence may authenticate the message in various ways, including witness testimony concerning an association between a cell-phone number and a purported author or evidence of a text message's appearance, contents, substance, internal patterns, or other distinctive characteristics that support a conclusion the text message emanated from the purported author. *Id*. at 602; *see* TEX. R. EVID. 901(b)(1), (4).[6]

---

[5] *See Franklin v. State*, No. 05-11-00990-CR, 2012 WL 4801522, at *6 (Tex. App.—Dallas Oct. 12, 2012, no pet.) (not designated for publication) ("Electronic evidence such as text messages must be authenticated to be admissible.").

[6] *See also Jackson v. State*, No. 05-14-00274, 2015 WL 3797806, at *2 (Tex. App.—Dallas June 17, 2015, no pet.) (mem. op., not designated for publication) (sponsoring witness may testify to association between cell-phone number and purported author of text message and other evidence may include the message's content or substance "which considered in conjunction with other circumstances support a conclusion that a message indeed emanated from the purported author") (quoting *Butler*, 459 S.W.3d at 602); *Walker v. State*, No. 06-15-00136-CR, 2016 WL 1600268, at *1–2 (Tex. App.—Texarkana April 21, 2016, pet. ref'd) (mem. op., not designated for publication) (State provided testimony of witness who had knowledge about text message and evidence of distinctive characteristics of the message that tended to connect it to a particular person as authenticating evidence).

Detective Brian Pfahning, employed in the Crimes Against Persons Unit of the Plano Police Department, testified he performed forensic extraction of data from Derrick's cell phone. The cell phone extraction reports, including the contents of text messages sent from Derrick's cell phone to Kimberly's cell phone, were admitted into evidence over Derrick's objection that the text messages had not been authenticated. Derrick acknowledges in his appellate brief that the text messages forensically extracted from his cell phone and admitted into evidence subsequently were authenticated by Kimberly's testimony. *See* TEX. R. EVID. 901(a). However, Derrick contends where evidence is erroneously admitted into evidence prematurely, it may be rendered harmless only upon the subsequent actions of the defendant.

"Evidence prematurely admitted in error may become admissible or be rendered harmless by subsequent evidence." *James v. State*, 102 S.W.3d 162, 175 (Tex. App.—Fort Worth 2003, pet. ref'd); *see Romo v. State*, 700 S.W.2d 633, 634 (Tex. App.—Houston [14th Dist.] 1985, no pet.) ("A conviction will not be reversed for error in receiving evidence that was not admissible when received but which became admissible at a subsequent stage."). Contrary to Derrick's position, subsequent authentication of the evidence need not necessarily occur as a result of actions by the defendant. *See Davis v. State*, 687 S.W.2d 78, 82 (Tex. App.—Dallas 1985, pet. ref'd) (any error in admitting photograph into evidence without proper authentication was "cured" when witness later testified she was present when photograph was taken).[7] Here, even assuming the trial court admitted into evidence the text messages from Derrick's cell phone without proper authentication, the record shows and Derrick acknowledges in his appellate brief that the evidence was subsequently authenticated. We conclude any error by the trial court in

---

[7] *See also Jernigan v. State*, No. 05-13-00674-CR, 2014 WL 7171282, at *9 (Tex. App.—Dallas Dec. 16, 2014, no pet.) (mem. op., not designated for publication); *Vaughn v. State*, No. 05-97-01210-CR, 1999 WL 605691, at *3, 4 (Tex. App.—Dallas Aug. 12, 1999, pet. ref'd) (not designated for publication) (testimony after admission into evidence of videotape and photographs authenticated the evidence and cured any error in trial court's premature admission of the evidence); *Sanchez v. State*, No. 05-91-00733-CR, 1995 WL 790428, at *10 (Tex. App.—Dallas Dec. 13, 1995, no pet.) (not designated for publication) (any error in admitting complainant's clothes into evidence was cured by later admission of testimony identifying the clothes).

admitting the text messages from Derrick's cell phone into evidence was rendered harmless by subsequent authentication. We resolve Derrick's second issue against him.

## Conclusion

Having resolved Derrick's two issues against him, we affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

160070F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DERRICK MITCHELL, JR., Appellant

No. 05-16-00070-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas,
Trial Court Cause No. 416-82777-2014.
Opinion delivered by Justice Fillmore,
Justices Brown and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 30th day of November, 2016.