

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00046-CR
No. 02-24-00047-CR

———————————————————

LORI BETH WILES, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 415th District Court
Parker County, Texas
Trial Court Nos. CR22-0918, CR22-0957

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Lori Beth Wiles appeals two convictions. First, in appellate cause number 02-24-00046-CR (trial court cause number CR22-0918), a jury found Wiles guilty of fraudulent use or possession of identifying information of an elderly person. *See* Tex. Penal Code Ann. §§ 22.04(c)(2), 32.51(c)(1), (c-1)(1). Second, in appellate cause number 02-24-00047-CR (trial court cause number CR22-0957), a jury found Wiles guilty of attempted theft of $150,000 or more but less than $300,000 from an elderly person. *See id.* §§ 15.03, 31.03.

In both cases, the jury found two enhancement paragraphs true. In the fraudulent-use case, the jury assessed a punishment of forty years' confinement, and in the attempted-theft case, the jury assessed a punishment of sixty-five years' confinement. The trial court sentenced Wiles in accordance with the jury verdicts and ordered the sentences to run concurrently.

On appeal, Wiles raises two issues: (1) whether the trial court abused its discretion by denying her first and second motions to exclude evidence, and (2) whether the trial court abused its discretion by denying her motion to disqualify the prosecuting attorney. In both instances, we hold that the trial court did not abuse its discretion, and we overrule her issues. Having overruled Wiles's issues, we affirm both convictions.

# I. BACKGROUND

The police arrested Wiles as she was trying to purchase a $229,556 motorhome via an electronic transfer using the routing and accounting numbers of an elderly person's bank account. Wiles gave the police consent to search her purse and her cell phone. When searching the purse, the police found a check that had Wiles's name and address at the top, but the elderly person's account number and routing number were taped over the bottom of it. On appeal, Wiles does not contest the sufficiency of the evidence.

# II. DISCUSSION

## A. First and Second Motions to Exclude Evidence

In Wiles's first issue, she contends that the trial court abused its discretion by denying her first and second motions to exclude evidence. Specifically, Wiles argues that the State violated Article 39.14 of the Texas Code of Criminal Procedure when it failed to provide her with a copy of her cell-phone data. The trial court denied both motions.

When a trial court excludes evidence, we review its decision for an abuse of discretion. *State v. Heath*, 696 S.W.3d 677, 688 (Tex. Crim. App. 2024); *Hart v. State*, 688 S.W.3d 883, 891 (Tex. Crim. App. 2024). Only if the trial court's decision lies outside the zone of reasonable disagreement will we conclude that it abused its discretion and reverse its ruling. *Heath*, 696 S.W.3d at 688–89; *Hart*, 688 S.W.3d at 891.

3

Here, the State possessed Wiles's cell phone but did not possess a copy of it. The State may, but is not required to, make copies: "The [S]tate may provide to the defendant electronic duplicates of any documents or other information described by this article." Tex. Code Crim. Proc. Ann. art. 39.14(a); *see Coleman v. State*, 577 S.W.3d 623, 634 (Tex. App.—Fort Worth 2019, no pet.). In any event, when asked, Wiles said that she did not want the State to make a copy of her cell-phone data.

The State did, however, make Wiles's cell phone available to her for inspection. By making the cell phone available to Wiles for inspection, the State complied with Article 39.14: "This article does not authorize the removal of the documents, items, or information from the possession of the [S]tate, and any inspection shall be in the presence of a representative of the [S]tate." *See* Tex. Code Crim. Proc. Ann. art. 39.14(a).

We hold that the trial court did not abuse its discretion by denying Wiles's first and second motions to exclude evidence. *See Hart*, 688 S.W.3d at 891. We overrule her first issue.

## B. Motion to Disqualify the Prosecutor

In Wiles's second issue, she maintains that the trial court abused its discretion by denying her motion to disqualify the prosecutor in her case. Wiles has two specific complaints regarding the prosecutor: first, she asserts that he failed to comply with Article 39.14, and second, she contends that he illegally searched her phone and took photos of certain screen shots and, in the process, became a witness in her case.

When the trial court rules on a motion to disqualify a prosecutor, we review its ruling for an abuse of discretion. *Buntion v. State*, 482 S.W.3d 58, 76 (Tex. Crim. App. 2016). A trial court abuses its discretion when its ruling lies outside the zone of reasonable disagreement. *Id.*

A trial court has limited authority to disqualify an elected district attorney and assistant district attorneys from prosecuting a criminal case. *Id.* The district attorney's office is constitutionally created and protected; thus, its authority cannot be diminished or taken away. *Id.* In a particular case, to avoid conflicts of interest and the appearance of impropriety, a district attorney is responsible for recusing himself. *Id.*

A district attorney's duties are set out in the Texas Code of Criminal Procecure, which provides that a district attorney "shall represent the State in all criminal cases in the district courts . . . except in cases where he has been, before his election, employed adversely." Tex. Code Crim. Proc. Ann. art. 2.01. Article 2.01 thus focuses on a conflict of interest. Only when the conflict of interest rises to the level of a due-process violation may a trial court disqualify a district attorney. *Buntion*, 482 S.W.3d at 76.

Here, Wiles contends that the prosecutor—with the help of another officer—became a witness in her case when he conducted a warrantless search of her cell phone by using the password that she had given to a different officer at the time of

her initial arrest. Wiles asserts that the prosecutor took thirty-six photographs of text messages, call logs, and other information without her consent.[1]

The prosecutor, for his part, said that he was looking for potentially exculpatory evidence. "[T]he individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437, 115 S. Ct. 1555, 1567 (1995). The prosecutor also asserted that he had forwarded the thirty-six photographs to defense counsel.[2]

As explained in the analysis of Wiles's first argument, the State did not violate Article 39.14. The State was not required to make a copy of Wiles's cell-phone data, and Wiles was free to inspect her cell phone. *See* Tex. Code Crim. Proc. Ann. art. 39.14(a). Thus, Wiles's first contention has no merit.

Wiles's second argument—that the prosecutor took photographs of certain screen shots on her cell phone without her consent and, in the process, became a witness in her case—also lacks merit. Neither the State nor Wiles used the

---

[1]Under these circumstances, we question whether disqualification of a prosecutor would be the proper remedy. Normally when an illegal search occurs, a defendant files a motion to suppress. In this instance, Wiles did just that—she filed a motion to suppress based on the prosecutor's complained-of conduct. The trial court denied that motion. On appeal, Wiles does not complain about that denial.

[2]Wiles does not identify any potentially exculpatory evidence that the prosecutor missed.

complained-of thirty-six photographs at trial. The prosecutor thus never became a witness. Any potential conflict-of-interest issue thus never materialized.[3]

We hold that the trial court did not abuse its discretion by denying Wiles's motion to disqualify the prosecutor. *See Buntion*, 482 S.W.3d at 76. We thus overrule her second issue.

### III. CONCLUSION

Having overruled both of Wiles's issues, we affirm both judgments.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 27, 2024

---

[3]Assuming that either side had attempted to use the complained-of photographs, it does not necessarily follow that the prosecutor would have become a witness. *See Standmire v. State*, 475 S.W.3d 336, 344 (Tex. App.—Waco 2014, pet. ref'd). Anyone with knowledge who could identify the photographs as a fair and accurate depiction of what they purported to portray could authenticate the photographs. *See* Tex. R. Evid. 901(a); *Pena v. State*, 467 S.W.3d 71, 75 (Tex. App.—San Antonio 2015, no pet.).